# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DHALMA MORALES-ALICEA,**

      **Plaintiff,**

v.                                                                                                     Case No.      02-C-1137

**JO ANNE BARNHART, Commissioner of
Social Security Administration,**

      **Defendant.**

# DECISION AND ORDER

On December 30, 1996, Dhalma Morales-Alicea ("Morales-Alicea") filed a Social Security Disability Insurance Benefits ("DIB") application. On April 29, 1998, a hearing was held before Administrative Law Judge ("ALJ") José Ramón Gautier, who, in a decision dated July 24, 1998, determined that Morales-Alicea was not entitled to DIB. That decision became the final decision of the Commissioner of Social Security Administration on September 19, 2002, when the Appeals Council denied review.

In November of 2002, pursuant to 42 U.S.C. § 405(g), Morales-Alicea requested that this Court review the decision of ALJ Gautier. Though the parties did not consent to the full exercise of jurisdiction by a magistrate judge, the matter was referred for recommendation to United States Magistrate Judge Aaron E. Goodstein. On January 19, 2005, Magistrate

Judge Goodstein recommended that the decision of ALJ Gautier be affirmed and Morales-Alicea's case be dismissed.

On January 28, 2005, Morales-Alicea filed her objection to Magistrate Judge Goodstein's recommendation. This objection, in its entirety, reads: "Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.) plaintiff hereby files her objection to the recommendation of United States Magistrate Judge Aaron E. Goodstein that the decision of the Commissioner be affirmed and this case dismissed."

Rule 72 of the Federal Rules of Civil Procedure sets forth the procedures for parties who wish to object to a magistrate's recommendations. Regarding the proper level of review by a district court, the Court of Appeals for the Seventh Circuit has stated:

> Rule 72(b) . . . requires a party that disagrees with a magistrate judge's report and recommendation on a dispositive motion to file "written, specific objections" to the report. Under Rule 72(b), the district court judge must make a de novo determination only of those portions of the magistrate judge's disposition to which specific written objection is made. If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error.

*Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Rule 72(b) requires "a party only to specify each issue for which review is sought and not the factual or legal basis of the objection." *Id.* at 740.

In the instant case, Morales-Alicea's objection is nothing more than an objection to the disposition of her case, i.e., the affirmation of the Social Security Commissioner's decision and the dismissal of her case. Morales-Alicea has failed to specify any particular

issue to which she objects, and, therefore, the adjudication of her objection does not warrant *de novo* review. Accordingly, this Court will review the present recommendation only for clear error, which means that the Court will "overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Id*. at 739; *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (discussing clear error standard under Fed. R. Civ. P. 72(a)).

Having reviewed the recommendation of Magistrate Judge Goodstein, this Court does not find clear error. The recommendation reflects an accurate construction of the record and the parties' arguments, and accurately cites relevant statutes and case law. Accordingly, nothing in the recommendation leaves this Court "with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. This Court will not overturn the recommendation of a magistrate judge in the absence of clear error. Therefore, the recommendation of Magistrate Judge Goodstein is accepted, and Morales-Alicea's case is dismissed.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Court **ADOPTS**, as its own, the recommendation of Magistrate Judge Aaron E. Goodstein **AFFIRMING** the final decision of the Commissioner of Social Security Administration denying Morales-Alicea's December 30, 1996 application for Disability Insurance Benefits.

Morales-Alicea's action is **DISMISSED**.

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of August, 2005.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**